

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 27, 1963

Honorable J. M. Falkner
Banking Commissioner of Texas
Austin 14, Texas

Honorable Jesse James
State Treasurer of Texas
Austin 11, Texas

Opinion No. C-127

Gentlemen:

Re: Reimbursement of travel expenses for new members of the State Banking and State Depository Boards.

As ex-officio members of both the State Banking Board and the State Depository Board, you have jointly requested our opinion on the above captioned question. Formerly the Attorney General was a statutory member of each of these boards in addition to each of you; however a recent enactment of the 58th Legislature removed the Attorney General from these boards and provided that a citizen member be appointed. Since the three state officials previously serving on these boards lived in Austin, there was never any appropriation made for travel expenses as such was unnecessary. The problem now arises, and you request how the citizen members serving on such boards may be reimbursed for travel expenses.

Section 18 of Senate Bill 318 of the 58th Legislature states as follows:

"The citizen members replacing the Attorney General on the Boards and Commissions amended by this Act shall be reimbursed for their actual meals, lodging and incidental expenses when performing their duties as members of their respective Boards at all official meetings of the Board on the same basis as is provided for members of the Legislature serving on Boards, Councils, Committees or Commissions, provided, however, that

-629-

the travel expenses herein provided shall
not be paid but for fifteen (15) meetings
of such Boards per year. Each member shall
make out under oath an itemized statement of
the number of days engaged in attending of-
ficial meetings of the Board and the amount
of expenses when presenting same for payment."

Subsection d of Section 17 of House Bill 86, the
General Appropriation Bill, states as follows:

"Members of the Legislature who serve
on any Board, Council, Committee of Commis-
sion shall receive actual expenses for meals,
lodging, and incidental expenses not to ex-
ceed Twelve Dollars ($12) per day when travel-
ing on official business inside the State;
and shall be reimbursed for actual expenses
incurred for meals, lodging, and incidental
expenses when traveling on official business
outside the State. Claims for reimbursements
of such expenses shall be presented on forms
prescribed by the Comptroller.

"When traveling on official business in-
side the State, such Members of the Legis-
lature shall be reimbursed for mileage on the
same basis as is provided in the Constitution
for Members of the Legislature; and it is
further provided that the same mileage rates
shall apply to necessary travel to points with-
in the State other than the seat of govern-
ment. . . ."

No appropriation was made, however, for reimbursement
for travel expenses incurred by the citizen members.

Considering the problem with regard to the State Bank-
ing Board, we find that there is no appropriation whatsoever
for the Banking Department other than one to cover operating
space in the John H. Reagan Office Building. It is further
significant that Article 342-112 of Vernon's Civil Statutes,
the Banking Code of 1943, specifically states that:

"The Commissioner shall, from time to
time as directed by the Finance Commission,
submit to such Commission a full and complete
report of the receipts and expenditures of
the Banking Department and the Finance Com-
mission may from time to time examine the

financial records of the Banking Department or cause them to be examined.  In addition, the Banking Department shall be audited from time to time by the State Auditor in the same manner as other State Departments, and the actual costs of such audits shall be paid to the State Auditor from the funds of the Banking Department. Fees, penalties and revenues collected by the Banking Department from every source whatsoever shall be retained and held by said Department, and no part of such fees, penalties and revenues shall ever be paid into the General Revenue Fund of this State. All expenses incurred by the Banking Department shall be paid only from such fees, penalties, and revenues, and no such expense shall ever be a charge against the funds of this State.  The Finance Commission shall adopt, and from time to time amend, budgets which shall direct the purposes, and prescribe the amounts, for which the fees, penalties and revenues of the Banking Department shall be expended; and the Finance Commission shall, as of December 31, 1951, and annually thereafter, report to the Governor of the State of Texas the receipts and disbursements of the Banking Department for each calendar year; and shall within the first sixty (60) days of each succeeding Regular Session of the Legislature make a report to the appropriate committees of the House and Senate charged with considering legislation pertaining to banking." (Emphasis added).

Many opinions from this office have held that the expenses of the Banking Department and the Banking Board may be paid out of any revenues collected by the Department, whether from penalties, fees, examinations or otherwise.  The Finance Commission provides in its budget the amounts allocated for the various purposes.  Attorney General's Opinions Nos. WW-725 (1959); WW-1095 (1961); and C-88 (1963).  Opinion No. WW-500 (1958) stated:

"Since the above quoted portion of Article 342-112 provides that all expenses incurred

by the Banking Department shall be paid
only from such fees, penalties and revenues,
and the expenses incurred on behalf of the
Banking Department for the services of the
Court Reporter being legitimate expenses,
you are advised that the Finance Commission
of Texas may authorize the payment of these
obligations."

Since we have previously held that the Finance Commission may set aside funds to satisfy expenses incurred by the State Banking Board, we advise you that such Commission may likewise set aside funds to cover travel expenses of the new citizen member of the Banking Board.

A different situation exists as to the citizen member of the State Depository Board. The Finance Commission has no authority to budget funds for this purpose as it is not properly an expense incurred by the State Banking Board or State Banking Department. The Treasurer's office has a line item appropriation for travel expenses for its own departmental employees only. It therefore follows that there are no existing funds to reimburse the citizen member of the State Depository Board for his travel expenses. However, Senate Bill 318 constitutes pre-existing law, so as to enable a subsequent Legislature to make an appropriation to reimburse the citizen member for his prior travel expenses.

## S U M M A R Y

The citizen member replacing the Attorney General on the State Banking Board
may be reimbursed for his travel expenses
by funds set aside by the Finance Commission of Texas.

There are no existing funds to cover
travel expenses of the citizen member replacing the Attorney General on the State
Depository Board.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Fred D. Ward
Assistant

FDW:ms

Hon. J. M. Falkner, and
Hon. Jesse James, page five (C-127)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
John Reeves
Dudley McCalla
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone